UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANTE TEMPLE,           )
                        )
    Plaintiff,          )
                        )
v.                      )    15-CV-1355
                        )
CALEB WOMBLES, *et al.*,)
                        )
    Defendants.         )

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se and currently incarcerated in the Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. In his bare bones complaint, he alleges that during his incarceration at Western Correctional Center from January through August of 2015, each of the named defendants refused to get him medical help or delayed his access to that help. At the merit review hearing, the plaintiff stated that he requested medical help because he was throwing up blood and had blood in his feces. The plaintiff also stated that he requested medical attention for these same issues from Dr. Tilden at Pontiac Correctional Center, where he is currently being housed, but has not received the medical help requested. The Court will add Dr. Andrew Tilden as a defendant.

To prevail on a deliberate indifference claim under the Eighth Amendment, the plaintiff must prove both an objective and subjective component. "To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.' A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.' The officials must know of and disregard an excessive risk to inmate health; indeed they must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal citations omitted). Throwing up blood and having blood in a person's stool could certainly be considered "sufficiently serious" and "one so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno* at 653. Plaintiff requested medical attention, but prison officials chose to disregard it even though they knew there was a "substantial risk of serious harm." *Farmer* at 837. Given the seriousness of plaintiff's allegations, the Court, *sua sponte*, adds to the claim a motion for temporary injunctive relief pursuant to Fed. R. Civ. P. 65. The Court adds Wexford Health Sources, Inc., as a defendant for the purpose of injunctive relief.

Plaintiff does not specify what role the three defendants who are correctional officers played in the denial of medical care, but the Court will leave them in for further development of the record. Defendants Caleb Wombles, Korey Wombles, and Nicole Zimmerman may file a motion to dismiss as a responsive pleading.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Caleb Wombles, Korey Wombles, Nicole Zimmerman, Dr. Thomas Baker, Dr. Andrew Tilden, and Wexford Health Sources, Inc.. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. **In addition to filing an Answer, Defendants shall file a response to what the Court has construed as a request for preliminary injunctive relief for medical care to address the plaintiff's alleged blood in his vomit and stool.**

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed

before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

      3.      The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

      4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

      5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

      6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act

11. The clerk is directed to add Dr. Andrew Tilden and Wexford Health Sources, Inc., as defendants.

12. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

13. Plaintiff's motion for counsel is denied [5], with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v.Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

14. The court reporter is directed to prepare and file a transcript of the merit review hearing. The clerk is directed to forward a copy of this order to the court reporter.

ENTERED this 28th day of October, 2015.

s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT